IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              No. 4:17-CR-40001

BENJAMIN HENDERSON                                                DEFENDANT

## ORDER OF DETENTION

Defendant was convicted of violation of 18 U.S.C. § 922(g)(1) on December 14, 2014 in the Western District of Missouri.  ECF No. 1.  Defendant was released to supervised release on June 3, 2016, and his supervision was transferred to this district on February 13, 2017.  ECF No. 1.  On February 14, 2017, a Petition seeking to revoke his supervised release was filed.  ECF No. 2. Defendant was arrested on March 1, 2017 in Houston Texas.  ECF No. 11.  He appeared for first time in this district on March 24, 2017 at an initial appearance regarding the Petition.  ECF No. 7. The Government requested Defendant be detained pending a final hearing and the Defendant requested a hearing to consider the issue of pre-hearing release.  On March 28, 2017, a hearing was held to determine whether the Defendant should be detained or released pending a final revocation hearing.

### A.  Detention Hearing

Pursuant to Fed.R.Crim.P. 32.1(a)(6), the Defendant has the burden of proving by clear and convincing evidence he is neither a risk of flight or a danger to the community.  I take notice of the information contained in the Pretrial Services Report provided by the United States Probation Office, which recommended detention without bond pending trial.

The Government called Texarkana Arkansas Police Detective Shane Kirkland as a witness. Officer Kirkland testified regarding the facts supporting the underlying allegations in the Petition.

Defendant appears on a video recording shooting another man in the head on February 11, 2017. Multiple eyewitnesses also identified the Defendant as the shooter in the February 11 incident. The victim was not armed at the time of the shooting. The victim survived, but remains hospitalized. Following the shooting the Defendant fled the area. He was arrested on March 1, 2017 in Houston Texas, after barricading himself in the attic of a residence.

The Government also called United States Probation Officer Sholanda Atterberry as a witness. PO Atterberry testified regarding the violations listed in the Petition. She also indicated Defendant had been compliant with the terms of his supervision, until he shot the person in the head on February 11, 2017. PO Atterberry recommended detention pending a final hearing.

The Defendant called his mother, Lisa Floyd, as a witness. Ms. Floyd testified she lived in Hope, Arkansas and the Defendant could live with her. She testified the Defendant worked at a Tyson's plant in Hope, Arkansas. She agreed to serve as a third party custodian.

The undersigned reviewed the evidence and information submitted by the parties, the information and recommendation contained in Pretrial Services Report, and argument of Counsel. Pursuant to Rule 32.1 and 18 U.S.C. § 3143, the Court finds as follows:

### B.  Findings of Fact

1. **Nature and circumstances of the offense charged**: Defendant is alleged to have shot a man in the head with a firearm. Further this violent act resulted in the serious injury to another person. This factor weighs heavily in favor of detention.

2. **Weight of the evidence against the person charged:** Defendant was seen by numerous witnesses and appears on at least two different video recordings shooting an unarmed person in the

head. There was no contrary or exculpatory evidence or information introduced at the hearing. This factor weighs heavily in favor of detention.

3. **History and characteristics of the person charged:** Defendant has family in the area and, prior to shooting the man in the head on February 11, 2017 had steady employment in Hope, Arkansas. Defendant fled the seen of the shooting and in fact left the jurisdiction after shooting an unarmed man in the head on February 11, 2017.

4. **Nature and seriousness of the danger to any other person**: Defendant has been previously convicted of a firearms offense and stands accused here of violence with a firearm. He is clearly a threat to the community and other persons if released. This factor weighs heavily in favor of detention.

### C. Conclusions

1. Pursuant to Rule 32.1 the Defendant has the burden of proving, by clear and convincing evidence, he is not a danger to others or the community. Further, he must prove, by clear and convincing evidence, he will not be a risk of non appearance.

2. Based on the foregoing analysis, Defendant has failed to establish by clear and convincing evidence he would not be a danger to the community or a risk of flight.

Accordingly, the Defendant is remanded to the United States Marshal Service pending final hearing..

**SO ORDERED** this **28th day of March 2017.**

      /s/ Barry A. Bryant  
HONORABLE BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE